IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| FISH FARMS PARTNERSHIP, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:09-cv-00163 |
| WINSTON-WEAVER CO., INC., and<br>CROP PRODUCTION SERVICES, INC., | ) |
| Defendants. | ) |

## PARTIES' RULE 26(f) MEETING REPORT AND DISCOVERY PLAN

The parties, by and through counsel, pursuant to Federal Rule of Civil Procedure 26(f), and submit the following meeting report and proposed discovery plan for the Court's consideration:

1. Counsel for the parties held a telephonic discovery planning meeting on June 24, 2010, at which time they discussed the nature and basis of Plaintiff's claims, Defendants' defenses, possibilities of settlement or resolution of the case, arrangements for the initial disclosures required by Rule 26(a)(1), issues relating to preserving discoverable information, and the development of a discovery plan. The parties were represented by, W. Allen McDonald, counsel for Plaintiff, Ross W. Johnson, Daniel J. Herber and Thomas M. Hale, counsel for Defendant Crop Production Services, Inc., and Glenn R. Walter, counsel for Defendant Winston-Weaver Co., Inc.

2. Acknowledging that the trial date would be set during the scheduling conference set for July 19, 2010, the parties agreed that a trial during the fall months of 2011 should be adequate to properly prepare this case for trial.

3. As a result of the discovery planning meeting, it was agreed as follows:

a. The parties shall make all initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before July 9, 2010.

b. The parties shall disclose expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2), if any, on the date established in the Court's Scheduling Order.

c. The parties shall make all pre-trial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure on the date established in the Court's Scheduling Order. The parties shall reasonably update their initial, expert, and pre-trial disclosures from time to time as additional information is gathered.

4. The parties further agree that all parties may submit Interrogatories, Requests for Admission, and Requests for Production of Documents, subject to the limitations on such discovery imposed by the Federal Rules of Civil Procedure, local rules of Court, or as agreed to by counsel.

5. Except as provided in this discovery plan or any Scheduling Order entered by the Court, the parties do not believe that any changes should be made in the timing, form or requirements for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure or other local rules, nor do the parties believe that any limitations should be placed on discovery at this time. The parties agree that all discovery shall be completed on the date to be established in the Court's Scheduling Order.

6. The parties discussed issues related to the disclosure and discovery of electronically stored information. The parties are working out an agreement on production format specifics.

7. The parties discussed issues related to claims of privilege or of protection of documents produced in discovery. Counsel for Defendants discussed the need to protect from public disclosure confidential/proprietary and competition sensitive information that may be contained within

documents produced in the case and agreed to circulate a proposed protective order for counsel for Plaintiff to consider. Plaintiff disputes that Defendants have presently shown the requisite need for a confidentiality agreement but agreed to consider a proposed confidentiality agreement or, in the alternative, to allow Defendants to redact information demonstrated to be competitively sensitive.

       8.       The parties believe that, in regard to all other matters, the Federal Rules of Civil Procedure and the Court's local rules shall be sufficient for the preparation and trial of this case.

       9.       The parties agree that the prospects for settlement are unknown at this time.

Respectfully submitted this 12th day of July 2010.

s/W. Allen McDonald
W. Allen McDonald (BPR #016210)
BALL & SCOTT
550 Main Avenue, Suite 601
Knoxville, TN 37902
Telephone: (865) 525-7028

Attorney for Plaintiff

FAEGRE & BENSON LLP

s/Daniel J. Herber
Daniel J. Herber*
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7488

Ross W. Johnson*
801 Grand Avenue; Suite 3100
Des Moines, IA 50309-8002
Telephone: (515) 248-9000

and

Thomas M. Hale (BPR #007049)
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, TN 37901-0629
Telephone: (865) 525-5134

*Admitted *pro hac vice*

Attorneys for Defendant Crop Production Services, Inc.

s/Glenn R. Walter
Glenn R. Walter (BPR #012842)
LEWIS, KING, KRIEG & WALDROP, P.C.
P. O. Box 2425
Knoxville, TN 37901
Telephone: (865) 546-4646

Attorney for Winston-Weaver Co., Inc.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of July 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may gain access to this filing through the Court's electronic filing system.

      FAEGRE & BENSON LLP

      <u>s/Daniel J. Herber</u>
      Daniel J. Herber*
      2200 Wells Fargo Center
      90 South 7th Street
      Minneapolis, MN 55402
      Telephone: (612) 766-7488

      Ross W. Johnson*
      801 Grand Avenue; Suite 3100
      Des Moines, IA 50309-8002
      Telephone: (515) 248-9000

*Admitted *pro hac vice*